UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIQUEL SAVAGE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 15-8100 (JLL)<br><br>OPINION |

**LINARES**, District Judge:

Presently before the Court is the amended motion of Miquel Savage ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 4). On February 18, 2016, this Court issued an order directing Petitioner to show cause why his petition should not be dismissed as untimely. (ECF No. 6). Petitioner has failed to respond to that order. For the following reasons, the Court will dismiss Petitioner's motion as untimely.

## I. BACKGROUND

On or about November 9, 2015, Petitioner, Miquel Savage, filed a motion, purportedly pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in which he sought to challenge his sentence, which this Court ultimately reconstrued as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1). On January 13, 2016, this Court entered an order pursuant to *Castro v. United States*, 540 U.S. 375 (2003), informing Petitioner that his motion had been construed as a motion to vacate and informing Petitioner of the consequences of his motion being treated as a motion to vacate his sentence– including the requirement that Petitioner file all of the claims he wished to pursue in a single, all-inclusive § 2255 motion. (ECF No. 3). That order

permitted Petitioner to file an amended § 2255 motion within forty-five days. (*Id.* at 3). On or about February 8, 2016, Petitioner filed his amended motion to vacate his sentence. (ECF No. 4).

This Court screened Petitioner's amended motion and issued an Order to Show Cause on February 18, 2016, which required Petitioner to show cause why his motion should not be dismissed within thirty days of the date of that order. (ECF No. 6). In that order, this Court observed that

> Petitioner was sentenced on his underlying criminal conviction on June 24, 2014. (ECF No. 4 at 2). Petitioner did not appeal his conviction or sentence, and his conviction therefore became final fourteen days later on July 8, 2014. (ECF No. 4 at 3). *See Johnson*, 590 F. App'x at 177. . . . Absent some form of equitable tolling, Petitioner's one year statute of limitations had therefore run as of July 8, 2015, some four months before Petitioner filed his initial motion in November 2015. 28 U.S.C. § 2255(f). As such, unless Petitioner can show that he is entitled to equitable tolling, this Court must dismiss his motion as untimely.

(ECF No. 6 at 3-4). This Court also informed Petitioner in the order to show cause that § 2255 motions are potentially subject to equitable tolling and specifically directed Petitioner to provide any basis for equitable tolling he may have in responding to the order. (*Id.*). Although far more than thirty days have passed from the date of this Court's initial order, Petitioner has chosen not to respond to the order to show cause.

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of

> the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Timmreck*, 441 U.S. 780, 782 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)); *see also United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). Prior to ordering an answer to a § 2255 motion, Rule 4 of the Rules Governing Section 2255 Proceedings requires that the district court review a petitioner's § 2255 motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

## B. Analysis

### 1. An evidentiary hearing is not required

28 U.S.C. § 2255(b) requires an evidentiary hearing for all motions brought pursuant to the statute "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government*

*of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also Booth*, 432 F.3d at 546. For the reasons set forth below, Petitioner's motion is untimely and Petitioner has presented no basis for the equitable tolling of the statute of limitations. As such, Petitioner is not entitled to relief as a matter of law as his motion is time-barred, and no evidentiary hearing is therefore necessary for the resolution of his motion.

**2. Petitioner's § 2255 is untimely and Petitioner has presented no basis for equitable tolling**

Petitioner's current motion must be dismissed as time barred. As this Court explained in the order to show cause,

> [m]otions brought pursuant to 28 U.S.C. § 2255 are subject to a one year statute of limitations. 28 U.S.C. § 2255(f). The limitation period begins to run at the latest of the following events: the date on which the conviction becomes final, the date on which an impediment to making the motion is removed, the date on which the right asserted was initially recognized by the Supreme Court if Petitioner's claim is based on a newly recognized right made retroactively applicable to cases on collateral review, or the date on which the facts supporting the claim could first have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4).
>
> Where the statute runs from the date on which a conviction became final, as it does here, and the petitioner did not file a direct appeal, the conviction becomes final on "the date on which the time for filing . . . an appeal expired." *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999); *see also United States v. Johnson*, 590 F. App'x 176, 177 (3d Cir. 2014). A criminal defendant must file his notice of appeal within fourteen days of his sentencing. *Johnson*, 590 F. App'x at 177; Fed. R. App. P. 4(b)(1)(A)(i).
>
> Petitioner was sentenced on his underlying criminal conviction on June 24, 2014. (ECF No. 4 at 2). Petitioner did not appeal his conviction or sentence, and his conviction therefore became final fourteen days later on July 8, 2014. (ECF No. 4 at 3). *See Johnson*, 590 F. App'x at 177.
>
> Absent some form of equitable tolling, Petitioner's one year statute of limitations had therefore run as of July 8, 2015, some four

> months before Petitioner filed his initial motion in November 2015. 28 U.S.C. § 2255(f). As such, unless Petitioner can show that he is entitled to equitable tolling, this Court must dismiss his motion as untimely.
>
> The statute of limitations for motions brought pursuant to § 2255 is subject to equitable tolling. Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). In order to receive the benefit of such tolling, a petitioner must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).
>
> In his motion, Petitioner does not argue any basis for equitable tolling, and this Court perceives no basis for tolling on the face of Petitioner's amended motion. (ECF No. 4).

(ECF No. 6 at 2-4, paragraph numbers omitted).

As this Court explained in the Order to Show Cause, Petitioner's § 2255 motion is time barred on its face and Petitioner presented no basis for equitable tolling in his motion. As this Court perceives no basis for equitable tolling, and as Petitioner has utterly failed to respond to the order to show cause, Petitioner's motion must be dismissed as time barred.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner's motion is time barred and because jurists of reason could not disagree with this Court's ruling that Petitioner has failed to establish a basis for equitable tolling, Petitioner's motion is inadequate to deserve encouragement to proceed further and no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons stated above, this Court will dismiss Petitioner's § 2255 motion as time-barred, and no certificate of appealability shall issue. An appropriate order follows.

DATED: April 14, 2016

Hon. Jose L. Linares,
United States District Judge