UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIQUEL SAVAGE, | Civil Action No. 15-8100 (JLL) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**LINARES**, District Judge:

Presently before the Court is the amended motion of Miquel Savage ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 4). On May 25, 2016, this Court reopened this matter at Petitioner's request and issued an order directing Petitioner to show cause why his petition should not be dismissed as untimely. (ECF No. 9). Petitioner filed a response to that Order on June 17, 2016. For the following reasons, the Court will once again dismiss Petitioner's amended motion to vacate sentence as untimely.

**I. BACKGROUND**

On or about November 9, 2015, Petitioner, Miquel Savage, filed a motion, purportedly pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in which he sought to challenge his sentence, which this Court ultimately reconstrued as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1). On January 13, 2016, this Court entered an order pursuant to *Castro v. United States*, 540 U.S. 375 (2003), informing Petitioner that his motion had been construed as a motion to vacate and informing Petitioner of the consequences of his motion being treated as a motion to vacate his sentence– including the requirement that Petitioner file all

of the claims he wished to pursue in a single, all-inclusive § 2255 motion. (ECF No. 3). That order permitted Petitioner to file an amended § 2255 motion within forty-five days. (*Id.* at 3). On or about February 8, 2016, Petitioner filed his amended motion to vacate his sentence. (ECF No. 4).

This Court screened Petitioner's amended motion and issued an Order to Show Cause on February 18, 2016, which required Petitioner to show cause why his motion should not be dismissed within thirty days of the date of that order. (ECF No. 6). In that order, this Court observed that

> Petitioner was sentenced on his underlying criminal conviction on June 24, 2014. (ECF No. 4 at 2). Petitioner did not appeal his conviction or sentence, and his conviction therefore became final fourteen days later on July 8, 2014. (ECF No. 4 at 3). *See Johnson*, 590 F. App'x at 177. . . . Absent some form of equitable tolling, Petitioner's one year statute of limitations had therefore run as of July 8, 2015, some four months before Petitioner filed his initial motion in November 2015. 28 U.S.C. § 2255(f). As such, unless Petitioner can show that he is entitled to equitable tolling, this Court must dismiss his motion as untimely.

(ECF No. 6 at 3-4). This Court also informed Petitioner in the order to show cause that § 2255 motions are potentially subject to equitable tolling and specifically directed Petitioner to provide any basis for equitable tolling he may have in responding to the order. (*Id.*). On April 22, 2016, because Petitioner had failed to respond to the Order to Show Cause, this Court entered an order and opinion dismissing Petitioner's motion to vacate sentence as time barred. (ECF Nos. 7-8).

On May 9, 2016, Petitioner submitted a letter to this Court in which he informed the Court that he had been moved to a special housing unit following the filing of his amended § 2255 motion, and that in that unit he had not been permitted full access to the law library and as such had been unable to respond to the Order to Show Cause. (ECF No. 9). Out of an abundance of caution and because Petitioner had alleged that he had been unable to respond to

this Court's first Order to Show Cause because of his being transferred to the Special Housing Unit at FCI McKean, this Court entered an Order on May 25, 2016, vacating the Order dismissing Petitioner's amended motion and once again providing Petitioner thirty days to show cause why his petition should not be dismissed as untimely. (ECF No. 10). On June 17, 2016, Petitioner submitted a response to that Order in which he argued that his limitations period should be tolled because he has limited law library access since being moved to the Special Housing Unit, and was thus unable to comply with the limitations period. (ECF No. 11). Importantly, Petitioner provided no information in his response regarding the length of time he has been in the Special Housing Unit, nor has he informed the Court when he was assigned to the Unit. (*Id.*). Petitioner has also failed to provide any documentation to support his assertions regarding his stay in the Special Housing Unit and his difficulties in accessing legal assistance. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes

"a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). Prior to ordering an answer to a § 2255 motion, Rule 4 of the Rules Governing Section 2255 Proceedings requires that the district court review a petitioner's § 2255 motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

**B. Analysis**

**1. An evidentiary hearing is not required**

28 U.S.C. § 2255(b) requires an evidentiary hearing for all motions brought pursuant to the statute "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. For the reasons set forth below, Petitioner's motion is untimely and Petitioner has failed to present facts sufficient to show that he is entitled to equitable tolling of the statute of limitations. As such, Petitioner is not entitled

to relief as a matter of law as his motion is time-barred, and no evidentiary hearing is therefore necessary for the resolution of his motion.

**2. Petitioner's § 2255 is untimely and Petitioner has presented no basis for equitable tolling**

Petitioner's current motion must be dismissed as time barred. As this Court explained in its first Order to Show Cause,

> [m]otions brought pursuant to 28 U.S.C. § 2255 are subject to a one year statute of limitations. 28 U.S.C. § 2255(f). The limitation period begins to run at the latest of the following events: the date on which the conviction becomes final, the date on which an impediment to making the motion is removed, the date on which the right asserted was initially recognized by the Supreme Court if Petitioner's claim is based on a newly recognized right made retroactively applicable to cases on collateral review, or the date on which the facts supporting the claim could first have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4).
>
> Where the statute runs from the date on which a conviction became final, as it does here, and the petitioner did not file a direct appeal, the conviction becomes final on "the date on which the time for filing . . . an appeal expired." *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999); *see also United States v. Johnson*, 590 F. App'x 176, 177 (3d Cir. 2014). A criminal defendant must file his notice of appeal within fourteen days of his sentencing. *Johnson*, 590 F. App'x at 177; Fed. R. App. P. 4(b)(1)(A)(i).
>
> Petitioner was sentenced on his underlying criminal conviction on June 24, 2014. (ECF No. 4 at 2). Petitioner did not appeal his conviction or sentence, and his conviction therefore became final fourteen days later on July 8, 2014. (ECF No. 4 at 3). *See Johnson*, 590 F. App'x at 177.
>
> Absent some form of equitable tolling, Petitioner's one year statute of limitations had therefore run as of July 8, 2015, some four months before Petitioner filed his initial motion in November 2015. 28 U.S.C. § 2255(f). As such, unless Petitioner can show that he is entitled to equitable tolling, this Court must dismiss his motion as untimely.

> The statute of limitations for motions brought pursuant to § 2255 is subject to equitable tolling. Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). In order to receive the benefit of such tolling, a petitioner must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

(ECF No. 6 at 2-4, paragraph numbers omitted).

In his response to the most recent Order to Show Cause, Petitioner essentially admits that he did not file his original motion within the one-year limitations period. (ECF No. 11). Instead of disputing these facts, he asserts that he should be entitled to equitable tolling because, at some unknown point during his incarceration, he was moved to a Special Housing Unit in which he has limited law library access, limited access to paralegal assistance, and limited access to his legal papers. (*Id.*). In his response, however, Petitioner fails to present any timeline as to when he was moved to this special unit, nor does he provide any documentation to support his assertions. (*Id.*). This Court also notes that, in his request to reopen this matter, Petitioner specifically stated that "[p]rior to [his] placement in [the] Special Housing Unit . . . [he] had an[other] inmate help [him] with [his] § 2255 motion." It thus appears that, prior to filing his current motion to vacate sentence, which was filed after the expiration of the statute of limitations, Petitioner was not housed in the Special Housing Unit, and was thus not subject to the restrictions on which he bases his tolling argument. (ECF No. 9 at 1).

The Third Circuit dealt with a claim for equitable tolling similar to that raised by Petitioner in *Thomas*, 713 F.3d at 174-75. In that case, the Third Circuit expressly held that, where a petitioner had full access to legal materials for nine months out of the one year statute of limitations

6

period, the Petitioner could not show that either extraordinary circumstances nor reasonable diligence by simply claiming that he could not file because he was denied access to legal materials for the remaining three months. *Id.*; *see also Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002) ("deprivation of legal material for a relatively brief time period is not sufficient to warrant tolling"). Although the Third Circuit has observed that a lack of access to legal materials is more serious when it arises at the end of the limitations period rather than at the beginning of the period, the Third Circuit has consistently held that denial of access even at the end of the period is insufficient to support a request for tolling without evidence that Petitioner exercised reasonable diligence. *Robinson*, 313 F.3d at 143; *Thomas*, 713 F.3d at 174-75.

The facts alleged by Petitioner are insufficient to establish his entitlement to equitable tolling. Although Petitioner has alleged that he has been transferred to a special housing unit where he has limited access to legal materials, he has previously informed the Court that he previously had access to the aid of a prison paralegal in preparing his motion to vacate sentence. Likewise, Petitioner has completely failed to provide any facts specifying when he was transferred, how long he has been in the Special Housing Unit, or as to any acts he may have undertaken which would clearly show that he was acting diligently. As previously observed, Petitioner's one year statute of limitations had run in July 2015, several months before he filed his motion. Thus, if his transfer happened after July, that transfer would provide absolutely no basis for equitable tolling. Indeed, Petitioner's reopen request seems to suggest that he was transferred relatively recently, at some point at or near the filing of his original motion in October 2015. Were that the case, his transfer would certainly fail to establish any extraordinary circumstance which arose during the one-year limitations period as it would have occurred after the expiration of that year.

Ultimately, Petitioner has failed to provide any information setting forth that he was deprived of legal access during even part of the one-year period between July 2014 and July 2015 during which his AEDPA limitations period ran, nor has he presented any evidence to show that he was acting with even reasonable diligence during that period. Thus, as Petitioner has provided no information to show that his being housed in the Special Housing Unit actually interfered with his access to the law library during the one year period, and as Petitioner has failed to establish that he acted with even reasonable diligence during that period, Petitioner is not entitled to equitable tolling, and his motion to vacate sentence remains time barred. *Thomas*, 713 F.3d at 174-75; *Johnson*, 590 F. App'x at 177.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's ruling that Petitioner's motion is time barred and that he has failed to establish a basis for equitable

tolling, Petitioner's motion is inadequate to deserve encouragement to proceed further and no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons stated above, this Court will once again dismiss Petitioner's § 2255 motion as time-barred, and no certificate of appealability shall issue. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge